HAMITER, Justice.
 

 On June 17, 1947, the defendant, Robert Ambrose, was tried by a jury for the offense of attempted armed robbery and found guilty as charged. Thereafter he was convicted by the court as a fourth offender, under the provisions of Act No. 45 of 1942, and was sentenced to serve a term at hard labor in the State Penitentiary for the rest of his natural life. From the latter conviction and sentence he appealed, presenting for our consideration one bill of exceptions taken to the court’s action in overruling a motion in arrest of judgment.
 

 Insofar as pertinent here, Act No. 45 of 1942 provides:
 

 “Section 1. Be it enacted by the Legislature of Louisiana, That any person who, after having been convicted with
 
 *534
 
 in this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state, would be a felony, commits any felony within this state, upon conviction of such felony, shall be punished as follows:
 

 ■¡fc
 
 ifc ifc
 
 iji
 
 SjC
 

 “(3) If the fourth or subsequent felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for such fourth subsequent felony for a determinate term not less than the longest term prescribed for a first conviction and not more than his natural life and in no case less than twenty-years.”
 

 Among the convictions with which the defendant was charged as a fourth offender was one occurring on’ November 16, 1938, in the Criminal District Court of Orleans Parish. On that date he entered a plea of guilty to larceny from the person ■of $2.53, a crime declared by Act No. 40 of 1914, the bill of information filed against him having alleged an offense of assault and robbery committed on August 27, 1938. A violation of that 1914 statute constituted a felony, for the penalty prescribed was imprisonment with or without hard labor.
 

 Under the motion in arrest of judgment, to the overruling of which the instant bill of exceptions was reserved, defendant contends that although the offense he committed in 1938 was a felony under Act No. 40 of 1914 it cannot be considered in his present prosecution (for being an habitual offender) because under the Louisiana Criminal Code, Act No. 43 of 1942, which repealed the 1914 statute that offense today would be only a misdemeanor. His position, in other words, is that for a prior conviction to be applicable under Act No. 45 of 1942 the crime committed must be a felony under our present criminal statutes. Thus, his counsel argues: “As it exists today larceny from the person in the value of $2.53 is a misdemeanor and not a felony and should not be considered as a felony in establishing the status of the defendant as an habitual criminal.”
 

 Defendant’s position, in our opinion, is without merit. The habitual commission of felonies is not made a crime by Act No. 45 of 1942. That statute merely prescribes a heavier penalty for the repetition of criminal conduct by a person who has been previously convicted of a felony. State v. Dreaux, 205 La. 387, 17 So.2d 559, 561. In its Section 1 there is set forth the punishment to be imposed upon a person found guilty of a felony “after having been' convicted * * * of a felony,” the severity of the punishment being dependent on the number of the felonies committed.
 

 A crime is defined as an act or conduct for the commission of which a penalty is denounced by our substantive criminal law. State v. Bischoff, 146 La. 748, 84 So.
 
 *535
 
 41, and State v. Rodosta, 173 La. 623, 138 So. 124. The act to which defendant pleaded guilty on November 16,
 
 1938,
 
 was larceny from the person, admittedly a crime and a' felony under the then effective provisions of Act No. 40 of 1914.
 

 Of course that statute was repealed by Act No. 43 of 1942, Louisiana Criminal Code. But the repeal in no manner affected defendant's conviction under such statute or the penalty prescribed by it for the crime that he committed. In Article 142 of Section 1 of the Louisiana Criminal Code it is stated: “This Code shall not apply to any crimes committed before it becomes effective. Crimes committed before that time shall be governed by the law existing at the time the crime was committed.”
 

 And Section 2 of such Code provides in part:
 

 “Section 2. The following statutes or parts of statutes are hereby repealed and shall have no application' to crimes committed after the effective date of this Code; however, crimes committed before the effective date of this Code shall be prosecuted and punished under such statutes as were in effect at the time of the commission of the crime, and, to the extent of such application only, such statutes or parts of statutes are preserved.
 

 *
 
 *
 
 * * * *
 

 “Act 40 of 1914 (stealing from another person when such theft is not a robbery or an attempt where same does not amount to an assault with intent to rob).”
 

 Further, Act No. 35 of 1942, a general saving clause statute, recites, insofar as pertinent here, that: “Section 1. Be it enacted by the Legislature of Louisiana, That the repeal of any statute shall not have the effect of releasing or extinguishing any' penalty, forfeiture or liability, civil or, criminal, incurred under such statute unless the repealing act shall expressly so provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.”
 

 With respect to this recitation, it is to be noted that the Criminal Code, when repealing Act No. 40 of 1914, did not expressly provide for the releasing or extinguishing of the penalty (which showed that the offense was a felony) incurred under that statute; to the contrary, it specifically announced as before shown that the entire-statute, including the penalty provision, would continue to be applicable to the crimes that were committed during the effectiveness thereof.
 

 It is our holding, therefore, that the district court properly overruled the motion in arrest of judgment and correctly concluded that defendant's conviction in 1938 was for the commission of a felony within the meaning and intendment of Act No. 45 of 1942. And, in fortification of this holding, the observation is offered that had the 1914 statute constituted larceny from the person a misdemeanor and the-
 
 *536
 
 Criminal Code of 1942 made it a felony, the defendant undoubtedly would not contend, as he does now, that his crime of 1938 is governed by the latter law.
 

 The conviction and sentenct are affirmed.
 

 O’NIELL, C. J., not participating.