SUMMERS, Justice.
Charles Jackson, Jr., defendant, was duly charged in a bill of information with the crime of simple burglary. La.Rev.Stat. 14:62. After a jury trial he was found guilty as charged. He was then charged as a multiple offender under the Habitual Offender Law. La.Rev.Stat. 15:529.1. After due proceeding defendant was found to be a fourth offender, and he was sentenced to serve twenty years at hard labor. In this appeal four assignments of error are urged.
Assignment 1 — On the morning of trial defendant’s appointed counsel moved orally for a continuance. The motion was denied and the ruling is assigned as error.
The minute entries indicate that defendant was arraigned on September 16, 1977. At that time the court appointed counsel to represent him at the arraignment only. After defendant pled not guilty at arraignment, the trial judge advised him of his right to appointed counsel and allowed defendant to use the telephone to contact his family with a view to retaining private counsel. Defendant was again before the judge on September 20, 1977 for a hearing to determine counsel. Being without retained counsel, he took the oath of poverty and the court appointed counsel to represent and defend him. At a status hearing on September 26, 1977 defendant informed the judge that he had not employed an attorney. On October 18, 1977 he was brought to trial and moved for the continuance which is the subject of this assignment.
It is not an abuse of the trial court’s discretion to deny a continuance when the *524 defendant has waited until the day of trial to request a continuance in order that he might attempt to employ counsel. Especially is this true in this situation where the defendant has filed an affidavit of poverty and requested appointed counsel. Furthermore, there is no claim that appointed counsel has not had the opportunity to properly prepare an adequate defense during the 28 days he had been assigned to the case. State v. Anthony, 347 So.2d 483 (La.1977); State v. Winston, 327 So.2d 380 (La.1976).
There is no merit to this assignment.
Assignment 2 — At the multiple offender hearing held in order to permit the State to introduce evidence of Jackson’s prior offenses and enable Jackson to defend against such evidence, the State offered the testimony of Officer Bono, an expert in the identification and comparison of fingerprints. The three previous offenses charged consisted of convictions of simple burglary, simple robbery and theft. Bono testified that the arrest record in each of the three prior offenses charged in the multiple offender bill, which he had examined in court during the hearing, contained fingerprints of the offender which were identical to those of the defendant Jackson in the arrest record in the instant case. In each of these three prior offenses the offender was also named Charles Jackson, Jr. In his opinion, Officer Bono testified, the person who was convicted of the three prior offenses charged in the multiple offender bill was the defendant Jackson then before the bar.
After Bono had been cross-examined by defense counsel he was again questioned by the State’s attorney. He was asked if he knew when the fingerprints were taken and how they were kept. When defense counsel objected the trial judge allowed Bono to testify to the general procedure followed by the police department in taking fingerprints. Fingerprints are taken, he testified, at the time of the arrest at Central Lockup. They are placed on the booking sheet along with other pertinent information. Examination of this witness ended at that point. Denial of the defense objection is the basis for this assignment.
There is no merit to the defense objection. The testimony was relevant to show that the fingerprints were normally taken at the time of booking an arrested person and that the fingerprints on the booking sheet (fingerprint register) could be expected to be those of the arrested person. And a police officer is competent to testify to the procedure followed in the police department with which he is familiar.
Assignment 3 — The State’s attorney then offered to introduce in evidence certified copies of bills of information indicating that Charles Jackson, Jr., had previously been convicted of the three separate offenses already mentioned, together with the originals of the arrest registers containing the fingerprints referred to by Officer Bono. Defense counsel made no objection to introduction of the bills of information. But, although no objection had been made to the testimony of Officer Bono, defense counsel objected to the introduction of the arrest registers in each case, contending that there was no showing that they were the arrest registers of defendant or when they were made, and they were not certified. For these reasons, defense counsel argued that the State had not proven its case. When the trial judge admitted the arrest registers into evidence defense counsel objected and assigned the ruling as error on this appeal.
The defendant having no evidence to offer, the State moved to substitute Xerox copies of the police arrest registers in lieu of the originals. The motion was granted.
It should be noted that all of the records of prior convictions introduced in evidence were the original records of the Criminal District Court for the Parish of Orleans, the court in which the multiple offender charge was lodged and the identical court in which the hearing was being held. These original documents were the official records and if the matter contained therein was relevant the documents were admissible in evidence. Cf. La.Code Civil Pro. art. 1394. There was no necessity to certify an original record. *525 And, while the content of these documents may have been subject to question, the documents were admissible as the official records of that content.
The defense contention is further weakened by the failure to object to the testimony of Officer Bono based upon the arrest registers. Once this testimony was received without objection and without contradiction, it was evidence upon which the trial judge could rely to find that defendant was in fact a multiple offender. A later objection to the introduction of the original arrest register in the files of the prior convictions would not serve to nullify Bono’s testimony. Although the fact upon which the opinion of an expert is based may lend weight to his opinion testimony, the absence of those facts does not mean that his opinion is without some value as evidence.
This assignment is without merit.
Assignment 4 — When defendant was sentenced to twenty years at hard labor as a multiple offender defense counsel objected that the sentence was excessive, and the denial of this objection is assigned as error. The sentence imposed is the minimum provided by law for a fourth offender under the Habitual Offender Law. La.Rev. Stat. 15:529.1(A)(3). The trial judge was without authority to impose a lesser penalty. Twenty years imprisonment for a fourth offender is not excessive. His recidivism has demonstrated very emphatically that he is not amenable to rehabilitation. This record indicates that only imprisonment can protect society from Jackson’s transgressions.
For the reasons assigned, the conviction and sentence are affirmed.
TATE and DENNIS, JJ., concur and assign reasons.