377 So.2d 110 (1979)
STATE of Louisiana
v.
Lawrence BLACKWELL, Jr.
No. 64911.
Supreme Court of Louisiana.
November 12, 1979.
*111 Robert F. Barnard, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Thomas Chester, Asst. Dist. Attys., for plaintiff-appellee.
DIXON, Justice.[*]
Lawrence Blackwell, Jr. was found guilty of carnal knowledge of a juvenile in violation of R.S. 14:80. The state charged him as a multiple offender, pursuant to R.S. 15:529.1, and presented evidence of his prior convictions of possession of marijuana and simple robbery. The trial court found defendant to be a third felony offender and imposed a ten year sentence. On appeal, defendant raises three assignments of error concerning the multiple offender proceedings and the sentence imposed.
Assignment of Error No. 1
In this assignment of error, defendant challenges the competency of certain evidence *112 introduced by the state at the multiple offender hearing. He contends that because the allegedly inadmissible documents, copies of previous arrest registers, were essential to the state's proof that defendant had committed prior felonies, the sentence as a multiple offender was not imposed in accordance with law.
Defendant alleges that the copies of the arrest registers were inadmissible because they were not certified as required by R.S. 15:457, which provides that a copy of a document certified by the officer who is the legal custodian of that document is equivalent to the original in authenticity. Contrary to this allegation, however, these documents appear to comply fully with the certification requirement; each one bears a statement of certification and a signature appearing above the title, "Custodian of Records, New Orleans Police Department."
Even if defendant were correct in his contention that these documents were inadmissible, other competent evidence introduced by the state was sufficient in itself to prove defendant's prior convictions. In order for the court to impose an enhanced punishment under the habitual offender law, the state must prove the prior felony convictions alleged and the present defendant's identity with the individual previously convicted. While subsection F of R.S. 15:529.1 establishes one method of proof of prior convictions, the facts necessary to permit enhanced punishment may also be proved by other competent evidence. State v. Lee, 364 So.2d 1024 (La.1978); State v. Hamilton, 356 So.2d 1360 (La.1978). Defendant's simple robbery conviction was proved in strict compliance with subsection F of the statute by the admission of the so-called "Angola Package," while his identity with the individual convicted of robbery was proved by expert testimony that the fingerprints contained in the package were identical to those on the bill of information for the present offense. Defendant was never imprisoned for the marijuana offense, but that conviction was adequately proved by certified copies of his signed guilty plea and probation agreement. The state did introduce the challenged copy of the arrest register for the marijuana offense in order to prove defendant's identity on the basis of the fingerprints appearing thereon. His identity was also proved, however, by the state's introduction of a certified copy of the transcript of the hearing on reduction of bond for the carnal knowledge offense, in which defendant admitted the marijuana conviction.[1]
This assignment of error is without merit.
Assignment of Error No. 2
Defendant contends that the trial court erred in adjudging him a third felony offender because, while possession of marijuana constituted a felony when he committed that offense in 1970, the offense was reclassified as a misdemeanor in 1972. As defendant concedes, this court has consistently held that for multiple offender purposes, an offense which is subsequently reduced to a misdemeanor retains its felony status as of the time of commission;[2] see State ex rel. Clark v. Marullo, 352 So.2d 223 (La.1977); State v. Sawyer, 350 So.2d 611 (La.1977); State v. Broussard, 213 La. 338, 34 So.2d 883 (1948); State v. Ambrose, 212 La. 1062, 34 So.2d 261 (1948). This rule is based on R.S. 24:171, the general saving clause,[3] and is in accord with the jurisprudence *113 in most other states which have confronted the problem of the effect of legislation reclassification on the use of prior convictions for punishment enhancement; see Wharton's Criminal Procedure (12th Ed. 1976), § 631, p. 293, and Annotation, 19 A.L.R.2d 227. If the legislature had intended to give a retroactive effect to any aspect of the reclassification of possession of marijuana, it would have done so in enacting the new statute. Under the established law of this state, defendant's assignment of error is without merit.
Assignment of Error No. 3
In this assignment, defendant alleges that the ten year sentence imposed constitutes cruel and unusual or excessive punishment, in violation of the United States and Louisiana Constitutions. Under the statute in effect at the time of defendant's commission of the offense of carnal knowledge of a juvenile, the maximum sentence for that offense was ten years with or without hard labor. As a third felony offender, defendant could have been sentenced to a minimum of five years and a maximum of twenty years. R.S. 15:529.1(A)(2). The sentence of ten years was therefore within the statutory limit; but as we announced in State v. Sepulvado, 367 So.2d 762 (La.1979), such a sentence may violate a defendant's right against excessive punishment under Article 1, § 20 of the Louisiana Constitution of 1974, and is therefore reviewable by this court.
In Sepulvado, we also found that C.Cr.P. 894.1[4] establishes appropriate criteria for determining the excessiveness of a sentence. In sentencing Blackwell, the trial court found that all three of the criteria provided by 894.1(A) were present; and the record presents no reason for disturbing this finding. Although the trial court failed to consider the mitigating factors contained in 894.1(B), only one of these, that imprisonment would entail excessive hardship to defendant's wife, is even hypothetically present. The trial court therefore did not abuse its discretion in sentencing defendant, and this assignment of error is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
DENNIS, J., concurs and assigns reasons.
*114 DENNIS, Justice, concurring.
I respectfully concur in the result reached by the majority opinion. However, I disagree with some of the statements in the opinion, insofar as they imply that La.R.S. 15:457 creates an exception to the rule against hearsay evidence. The statute merely provides a method for the authentication of documents, not an exception to the hearsay rule. See State v. Tillman, 356 So.2d 1376 (La.1978) and State v. Martin, 356 So.2d 1370 (La.1978).
NOTES
[*] Chief Judge Paul B. Landry, Retired, is sitting by assignment as Associate Justice Ad Hoc in place of Tate, J.
[1] The state argues in brief that under State v. Jackson, 362 So.2d 522 (La.1978), the expert testimony identifying defendant's fingerprints with those on the arrest register would be admissible even if the arrest register itself were found to be inadmissible, because the testimony was received without objection and without contradiction. Because defendant's identity was proved by other competent evidence, it is not necessary to address this issue.
[2] Because the habitual offender law is clearly penal in purpose, this rule is distinguished from the holding of State v. Boniface, 369 So.2d 115 (La.1979), in which we found that under a remedial statute providing for the expungement of certain misdemeanor arrest records, possession of marijuana is to be treated as a misdemeanor even though it was classified as a felony at the date of the arrest.
[3] R.S. 24:171 provides:

"The repeal of any law shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal, incurred under such law unless the repealing act expressly so provides, and such law shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability."
[4] C.Cr.P. 894.1 provides:

"A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence."