HERBERT A. CADE, Judge Pro Tem.
Nathaniel Smith was seen reaching into a parked automobile and hurrying off with the owner’s purse. One witness followed Smith while a second summoned the police. In a matter of minutes the purse had been retrieved, and just several blocks away Smith was apprehended and arrested on suspicion of simple burglary, R.S. 14:62. He pled not guilty, was found guilty by a jury, and received a ten year sentence.
Thereafter the state filed a bill of information under the multiple offender statute, R.S. 15:529.1. At the hearing on the bill Smith admitted to two previous convictions for simple robbery, to one previous conviction for simple burglary, and to one previous conviction for attempted simple burglary. His original sentence was vacated; on the basis of the prior convictions he was sentenced to twenty years at hard labor, without benefit of parole, probation, or suspension of sentence. Smith appeals, asking this court to review the record for errors patent on its face, and to find his sentence excessive within the meaning of Article I, Section 20 of the Louisiana Constitution.
We find no errors patent on this record. Nor can we say that Smith’s sentence, the minimum allowed by statue,[1] is constitutionally infirm. See State v. Jackson, 362 So.2d 522, 525 (La.1978).
The conviction and sentence are affirmed.

. R.S. 15:529.1A.(3) provides in pertinent part: “If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable any imprisonment for any term less than his natural life then (a) the person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life."