DREW, J.
|, Paul Freeman Logue was charged by information with third offense possession of marijuana. La. R.S. 40:966(E). The trial court quashed the bill, applying retroactively a 2015 amendment to Subsection (E)(1). The state appeals, arguing that this retroactive application was error. We reverse and remand.
FACTS
On September 11, 2015, Logue was issued a summons for possession of marijuana. He was billed with possession of marijuana—third offense, a felony. The bill listed two predicate offenses.[1]
The defendant moved to quash the bill of information, alleging that “changes in the law, embodied in House Bill 149, which amended [La. R.S. 40:966(E) ], do not indicate that the defendant committed the offense alleged.”[2]
*1143 |gAt the hearing held on April 5, 2016, the defense counsel argued:
[W]e believe that based on the intent of the legislature in changing the law that Mr. Logue should indeed only be billed as a second offender at most.
.... Based on the 1994 charge and the great span of time between that and then the—the two more recent charges, it’s our belief that Mr. Logue should be charged only as a second offense which, under the new law is a misdemeanor and as such we should ask that his ... Bill of Information be quashed.
The state responded that the statute did not apply to the 1993 offense.[3]
| sThe trial court took the matter under advisement. On May 17, 2017, the court provided written reasons for quashing the bill on four grounds:
• There is no clear legislative intent extant as to whether the amendments were intended to apply prospectively or retroactively;
• Statutory changes can be either substantive, procedural or interpretive;
• State v. Boniface, 369 So.2d 115 (La. 1979), provides guidance here;[4] and
• Finding the amendment to be procedural, retroactive application is required.
*1144 The state applied for supervisory review. We granted to docket as an appeal.
DISCUSSION
The Parties’ Contentions
By its first assignment of error, the state urges that the court erred, as a matter of law, by granting defendant’s motion to quash based upon an improper and unnecessary analysis of the retroactivity of laws rather than properly applying the amended portions of La. R.S, 40:966(E)(1) to those offenses clearly defined by the words of the statute. The state argues:
• a plain reading of La. R.S. 40:966(E)(l)(a)(i)-(ii) refers to “certain offenses,” namely possession of marijuana on a first conviction, referencing a specified punishment for a specified offense;
• La. R.S. 40:966(E)(l)(a)(iii) thus applies only to one specific situation;[5]
14» since the plain language of the statute is unambiguous, the trial court erred in even discussing the second prong of the retroactivity analysis.[6]
The defendant responds that the trial court properly:
• determined that the statute was ambiguous as to whether the legislature intended La. R.S. 40:966(E)(l)(a)(iii) to apply retroactively or prospectively;
• proceeded to step two of the retroac-tivity analysis; and
• found that the new statute was procedural and thus retroactive.
By its second assignment of error, the state urges the trial court erred, as a matter of law, by extending the application of a criminal statute by analogy rather than strictly construing the plain meaning of the words. The state argues that the trial court:
• improperly extended La. R.S. 40:966(E)(l)(a)(iii) as being applicable to more offenses than those covered by the clear language of the statute, ie., La. R.S. 40:966(E)(a)(i) and (ii); and
• improperly conflated the plain language of La. R.S. 40:966(E)(l)(a)(iii), such as the phrases “the provisions” and “on the first conviction,” which clearly only apply to La. R.S. 40:966(E)(l)(a)(i) and (ii).
The defendant responds:
• the trial court correctly analogized this situation to the Boniface rationale;
• no justification exists for not applying the cleansing period retroactively; and
*1145 |s* the trial court properly utilized Boniface as a tool to determine that La. R.S. 40:966(E)(l)(a)(iii) related to operation of law, which meant that it was procedural and therefore retroactive.
By its third assignment, of error, the state urges the trial court erred, as a matter of law, by retroactively applying the “cleansing period” exception provided for in La. R.S. 40:966(E)(l)(a)(iii) to the defendant’s first conviction for the violation of a separate provision of the statute, which was clearly not included under the exception. Here, the state argues:
• the trial court’s ruling lacks any discussion as to ambiguity;
• even if La. R.S. 40:966(E)(l)(a)(iii) applies, it cannot be applied retroactively;
• the trial court erred in finding that the legislature did not express any intent as to whether the new law was to apply retroactively, ignoring the plain language of the statute that La. R.S. 40:966(E)(l)(a)(iii) deals only with convictions under La. R.S. 40:966(E)(l)(a)(i) and (ii); and
• since the defendant’s 1994 offense was not under La. R.S. 40:966(E)(l)(a)(i) or,(ii), it is simply not covered by La. R.S. 40:966(E)(l)(a)(iii).
Defendant replies that:
• the trial court was right that “the provisions” wording of La. R.S. 40:966(E)(l)(a)(iii) related to all violations of first offense possession of marijuana and not just those listed in La. R.S. 40;966(E)(l)(a)(i) and (ii); .and
• since La. R.S, 40:966(E)(l)(a)(iii) is procedural, it can be applied retroactively, as the 1994 crime cannot enhance the crime sub judice.

Applicable law

The interpretation of criminal statutes is well settled.[7]
*1146 |fiIt is helpful to focus on relevant wording of La. R.S. 40:966 on three dates:
• At the time of the current offense;[8]
|7« At the time of the 1993 offense;[9] and
*1147 • At the time of the 2015 offense.[10]
|sWe believe that the legislature intended La. R.S. 40:966(E)(l)(a)(iii) to apply prospectively. The phrase “the conviction used as a predicate conviction for enhancement purposes” is particularly instructive. “The conviction” can logically apply only to a conviction and sentence under La. R.S. 40:966(E)(l)(a)(i) or (ii); if the individual had a prior conviction, he necessarily could not be sentenced as a first offender under La. R.S. 40:966(E)(l)(a)(i) or (ii) for his subsequent crime.
Lending further support to this interpretation are pertinent portions of the Ré-sumé Digest for Act 295 of the 2015 Regular Session.[11]
At all relevant times, La. R.S. 40:966(C) has had the same elements. The fact that *1148 La. R.S. 40:966(E)(l)(a)(i) and (ü) essentially encompass every | ¡¡“amount” of marijuana for possession purposes (subsection “F” notwithstanding) is of no consequence because subsection “E” refers to the sentence for the crime of possession in subsection “C.” At the time of the 1993 offense and the April 2015 offense, La. R.S. 40:966(E)(l)(a)(i)-(iii) was not in effect.[12]
The interpretative canon of lex specialis rebuts the trial court’s contention that the phrase “the provisions” in La. R.S. 40:966(E)(l)(a)(iii) apply to any possession charge under La. R.S. 40:966(0), rather than only those convictions pursuant to La. R.S. 40:966(E)(l)(a)(i)-(ii). La. R.S. 40:966(E)(l)(a)(i)-(ii) is more specific than La. R.S. 40:966(0), La. R.S. 40:966(E)(l)(e), or both. Based on lex spe-cialis, “the provisions” must be interpreted as being limited to La. R.S. 40:966(E)(l)(a)(i)-(ii). Hunter v. Jindal, supra. Thus we find that the amendments were to apply prospectively.
The trial court’s reliance upon Boniface, supra, is misplaced, as that case was based on La. R.S. 44:9 being “remedial” rather than “penal.”[13]
The supreme court emphasized this distinction in State v. Blackwell, 377 So.2d 110 (La. 1979), where it held that “an offense which is subsequently reduced to a misdemeanor retains its felony status as of the time of commission.” Id. The Blackwell court distinguished that case from Boniface, noting that the habitual offender law at issue in Blackwell was penal, while the law at issue in Boniface was remedial. Id. The 20151 ^amendments do ease the penalties for possession of marijuana, but this fact does not make the statute “remedial.” Like the habitual offender law, an enhancement provision law is penal in purpose. Blackwell, supra. In short, Boniface, supra, does not apply here. Blackwell, supra, does.
Finally, we note that in State v. Mayeux, 2001-3195 (La. 6/21/02), 820 So.2d 526, the supreme court concluded that the defendant should have been sentenced under the DWI sentencing provisions at the time of conviction rather at the time of the offense. The new sentencing provisions significantly changed the way a DWI offender served his sentence, with the defendant, after facing less mandatory jail time, ordered to undergo inpatient treatment followed by in home incarceration. The supreme court recognized that the legislature clearly stated in the amended statute of its intention to embrace substance abuse treatment measures in preference to incarceration.[14] Such an explicit policy statement is lacking from the amended statute in this instance.
DECREE
The granting of the motion to quash is VACATED, and this matter is REMANDED.

. (1) "The 1993 Offense”
On January 3, 1994, Logue was charged by bill of information with possession of marijuana on December 8, 1993, La. R.S. 40:966C. Logue pled guilty on June 17, 1994, and was sentenced to 15 days in parish prison.
(2) "The April 2015 Offense”
On June 5, 2015, Logue was charged by bill of information with possession of marijuana on April 24, 2015, La, R.S. 40:966. Logue pled guilty on September 9, 2015, and was sentenced to pay a $300.00 fine plus court costs and to serve 15 days in parish jail. Upon payment of the fine and costs, the jail sentence would be suspended and Logue would be on unsupervised probation for six months. Execution of sentence was deferred until October 14, 2015.

. Applicable portions of R.S. 40:966(E), as amended by Act No. 295, effective June 29, 2015:
(E)(1) Possession of marijuana.
(a) Except as provided in Subsection F of this Section, on a conviction for violation of Subsection C of this Section with regard to marijuana, tetrahydrocannabinol, or chemical derivatives thereof, the offender shall be punished as follows:
(i) On a first conviction, wherein the offender possesses fourteen grams or less, the offender shall be fined not more than three hundred dollars, imprisoned in the parish jail for not more than fifteen days, or both.
(ii) On a first conviction, wherein the offender possesses more than fourteen grams, the offender shall be fined not more than five hundred dollars, imprisoned in the parish jail for not more than six months, or both.
*1143 (iii) Any person who has been convicted of a violation of the provisions of Item (i) or (ii) of this Subparagraph and who has not been convicted of any other violation of a statute or ordinance prohibiting the possession of marijuana for a period of two years from the date of completion of sentence, probation, parole, or suspension of sentence shall not be eligible to have the conviction used as a predicate conviction for enhancement purposes. The provisions of this Subparagraph shall occur only once with respect to any person.
(b) Except as provided in Subsection F of this Section, on a second conviction for violation of Subsection C of this Section with regard to marijuana, tetrahydrocannabinol or chemical derivatives thereof, the offender shall be fined not more than one thousand dollars, imprisoned in the parish jail for not more than six months, or both,
(c)(i) Except as provided in Subsection F of this Section, on a third conviction for violation of Subsection C of this Section with regard to marijuana, tetrahydrocannabinol or chemical derivatives thereof, the offender shall be sentenced to imprisonment with or without hard labor for not more than two years, shall be fined not more than two thousand five hundred dollars, or both.
[[Image here]]
(e) Except as provided in Item (a)(iii) of this Paragraph, a conviction for the violation of any other statute or ordinance with the same elements as Subsection C of this Section prohibiting the possession of marijuana, tetrahy-drocannabinol or chemical derivatives thereof, shall be considered as a prior conviction for the purposes of this Subsection relating to penalties for second, third, or subsequent offenders.

. ADA; Mr. Logue, in 1994, was not convicted of "i" or "ii” because it didn't exist at the time. Mr. Logue was convicted of 40:966(C). If the legislature had intended to say that if you haven't been convicted of possession of marijuana for two years, it can’t be used against you, that's all they would’ve had to say—have said, but that's not what they said.
.. .That does not apply to this defendant. This defendant’s only conviction under that provision occurred on September 9th of 2015. As I said, this arrest was two days later, it's well within the two years.
DEFENSE: Your Honor .., we believe that the intent of the legislature reflects their intent to ... substantially alter the penal provisions of this statute and that there should be a retroactive application of this to Mr. Logue’s alleged offense.
ADA: It only says if you’re convicted of these two provisions and then not convicted for two more years does the conviction not apply. You can’t get into [legislative] intent when the statute is clear.

. Boniface was charged for possession of marijuana, then a felony, with the bill being dismissed. He later sought an expungement, after the crime became a misdemeanor. The Louisiana Supreme Court granted the relief sought, in light of the change in social attitudes concerning the crime.

. The referenced situation applies only to “any person convicted of a violation of the provisions of Item (i) or (ii) and who has not been convicted of the violation of another statute or ordinance concerning possession of marijuana for a period of two years.” The use of the conjunction "and” in this provision is significant and cannot be overlooked. The intentional use of "and” rather than "or” signifies that there must be a conviction under (i) or (ii) as well as no conviction under any other statute or ordinance. Both of these provisions are required in order for the cleansing period of two (2) years to apply. The provisions do not mention or reference prior convictions or past convictions for a violation of a Subsection of the statute itself. Had the legislature intended for the cleansing period to apply to a prior conviction, they would have certainly included that language rather than intentionally only mentioning (i) and (ii) and violations of other statutes and .ordinances.

. La. R.S. 40:966(E)(l)(e) provides support for the state’s interpretation of the statute insofar as it suggests that La. R.S. 40:966(E)( 1 )(a) (i)—(iii), “clearly provide for and certainly do not prohibit the use of a past conviction under La. R.S. 40:966(C) to be considered a prior conviction for enhancement purposes.”

. The starting point in the interpretation of any statute is the language of the statute itself. State v. Johnson, 03-2993 (La. 10/19/04), 884 So.2d 568; State v. Tucker, 49,950 (La.App. 2 Cir. 7/8/15), 170 So.3d 394. The interpretation of the language of a criminal statute is governed by the rule that the articles of the criminal code "cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.” State v. Shaw, 06-2467 (La. 11/27/07), 969 So.2d 1233, quoting La. R.S. 14:3 and State v. Skipper, 04-2137 (La. 6/29/05), 906 So.2d 399. Criminal statutes are generally subject to strict construction under the rule of lenity. The principle of lenity is premised on the idea that a person should not be criminally punished unless the law provides a fair warning of what conduct will be considered criminal. The rule is based on principles of due process that no person should be forced to guess whether his conduct is prohibited. State v. Tucker, supra.
Although criminal statutes are subject to strict construction under the rule of lenity, the rule is not to be applied with "such unreasonable technicality as to defeat the purpose of all rules of statutory construction, which purpose is to ascertain and enforce the true meaning and intent of the statute.” State v. Shaw, supra, and cases cited therein. What a legislature says in the text of .a statute is considered the best evidence of the legislative intent or will. Therefore, where the words of a statute are clear and free from ambiguity, they are not to be ignored under the pretext of pursuing their spirit. Id, If a statute is clear and unambiguous on its face, it is to be applied as written by the legislature. La. C.C. art. 9. In interpreting a statute that may well be ambiguous, courts may consider legislative history and revision comments to shed light on the meaning and intent of the statute. State v. Gyles, 313 So. 2d 799, 802 (La. 1975), Where it is possible, the courts have a duty in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other provisions. However, if there is a *1146 conflict, the interpretative canon of lex spe-cialis applies: the statute specifically directed 'to the matter at issue must prevail as an exception to the statute more general in character. Simply put, the specific controls the general. Hunter v. Jindal, 45,130 (La.App. 2 Cir. 10/13/09), 20 So.3d 592, 597, writ denied, 09-2237 (La. 10/15/09), 18 So.3d 1292. The consideration of whether a law should be applied retroactively or prospectively starts with a determination of whether the legislature expressed its intent regarding the application. State v. Washington, 02-2196 (La. 9/13/02), 830 So.2d 288, 290. As stated above, the plain language of the statute controls. If there is no such intent expressed, then courts are directed to classify the enactment as either substantive, procedural or interpretive. Substantive laws are laws that impose new duties, obligations or responsibilities upon parties, or laws that establish new rules, rights and duties or change existing ones. Inteipretive laws are those which clarify the meaning of a statute and are deemed to relate back to the time that the law was originally enacted. Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of laws. Laws that are procedural or inteipretive may be applied retroactively. Id. It is well established that the law in effect at the time of commission of the offense is determinative of the penalty that is to be imposed upon the convicted accused. State v. Sugasti, 01-3407 (La. 6/21/02), 820 So.2d 518; State v. Modi-sette, 50,846 (La.App. 2 Cir. 9/28/16), 207 So.3d 1108. The fact that a statute is subsequently amended to lessen the possible penalty does not extinguish liability for the offense committed under the former statute. State v. Mayeux, 01-3408 (La. 6/21/02), 820 So.2d 524; State v. Day, 02-1039 (La.App. 3 Cir. 2/5/03), 838 So.2d 74.

. At the time o£ the instant offense, La. R.S. 40:966 provided, in pertinent part:
E. (1) Possession of marijuana, (a) Except as provided in Subsection F of this Section, on a conviction for violation of Subsection C of this Section with regard to marijuana, tet-rahydrocannabinol, or chemical derivatives thereof, the offender shall be punished as follows:
(i)On a first conviction, wherein the offender possesses fourteen grams or less, the offender shall be fined not more than three hundred dollars, imprisoned in the parish jail for not more than fifteen days, or both.
(ii) On a first conviction, wherein the offender possesses more than fourteen grams, the offender shall be fined not more than five hundred dollars, imprisoned in the parish jail for not more than six months, or both.
(iii) Any person who has been convicted of a violation of the provisions of Item (i) or (ii) of this Subparagraph and who has not been convicted of any other violation of a statute or ordinance prohibiting the possession of marijuana for a period of two years from the date of completion of sentence, probation, parole, or suspension of sentence shall not be eligible to have the conviction used as a predicate conviction for enhancement purposes. The provisions of this Subparagraph shall occur only once with respect to any person.
(b) Except as provided in Subsection F of this Section, on a second conviction for violation of Subsection C of this Section with regard to marijuana, tetrahydrocannabinol or chemical derivatives thereof, the offender shall be fined not more than one thousand dollars, imprisoned in the parish jail for not more than six months, or both.
(c)(i) Except as provided in Subsection F of this Section, on a third conviction for violation of Subsection C of this Section with regard to marijuana, tetrahydrocannabinol or chemical derivatives thereof, the offender shall be sentenced to imprisonment with or without hard labor for not more than two years, shall be fined not more than two thousand five hundred dollars, or both.
[[Image here]]
(e) Except as provided in Item (a)(iii) of this Paragraph, a conviction for the violation of any other statute or ordinance with the same elements as Subsection C of this Section prohibiting the possession of marijuana, tetrahy-drocannabinol or chemical derivatives thereof, shall be considered as a prior conviction for the purposes of this Subsection relating to penalties for second, third, or subsequent offenders.

. At the time of the 1993 offense, La. R.S. 40:966 provided, in pertinent part:
C. Possession. It is unlawful for any person knowingly or intentionally to possess a con *1147 trolled dangerous substance classified in Schedule I unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner or as provided in R.S. 40:978, while acting in the course of his professional practice, or except as otherwise authorized by this Part.
[[Image here]]
E. (1) Except as provided in Subsections E and F of this Section, on a first conviction for violation of Subsection C of this Section with regard to marijuana, tetrahydrocannabinol or chemical derivatives thereof, the offender shall be fined not more than five hundred dollars, imprisoned in the parish jail for not more than six months, or both.

. At the time of the April 2015 offense, La. R.S. 40:966 stated in relevant part:
C. Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule I unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner or as provided in R.S. 40:978, while acting in the course of his professional practice, or except as otherwise authorized by this Part.
[[Image here]]
E. Possession of marijuana, or synthetic can-nabinoids.
(1) Except as provided in Subsections E and F of this Section, on a first conviction for violation of Subsection C of this Section with regard to marijuana, tetrahydrocannabinol or chemical derivatives thereof, or synthetic can-nabinoids the offender shall be fined not more than five hundred dollars, imprisoned in the parish jail for not more than six months, or both.
(2)(a) Except as provided in Subsection F or G of this Section, on a second conviction for violation of Subsection C of this Section with regard to marijuana, tetrahydrocannabinol or chemical derivatives thereof, or synthetic can-nabinoids, the offender shall be fined not less than two hundred fifty dollars, nor more than two thousand dollars, imprisoned with or without hard labor for not more than five years, or both.
(b) If the court places the offender on probation, the probation shall provide for a minimum condition that he participate in a court-approved substance abuse program and perform four eight-hour days of court-approved community service activities. Any costs associated with probation shall be paid by the offender.

. New law provides for the following penalties with regard to the crime of possession of marijuana ... as follows:
(1) On a first conviction, for the possession of 14 grams or less, the offender is to be fined up to $300, imprisoned in parish jail for not more than 15 days, or both; and for the possession of more than 14 grams the offender is to be fined not more than $500, imprisoned in the parish jail for not more than six months, or both.
(2) On a first conviction, any person who has been convicted of a violation of the provisions of new law and who has not been convicted of any other violation of a statute or ordinance prohibiting the possession of marijuana for a period of two years from the date of completion of sentence, probation, parole, or suspension of sentence shall not be eligible to have the conviction used as a predicate conviction for enhancement purposes. Id. at p. 1 (emphasis in original).
Subsection "E” encompasses the sentencing for the crime of possession under subsection “C". It is well settled that modifications to sentencing provisions are not retroactive, and the sentencing range in effect at the time of commission of the crime applies. Modisette, supra.

. The new law was in effect when Logue was charged with the instant crime, though the September 2015 crime was not within the ambit of La. R.S. 40:966(E)(l)(a).

. In essence, the Louisiana Supreme Court found in Boniface, supra, that penal statutes are construed strictly, as these laws redress a wrong to the public. Remedial laws remedy wrongs to the individual, and are liberally construed.

.The supreme court also noted that the amended statute stated "upon conviction” instead of "upon committing the offense,” and it allowed home incarceration for those already convicted.