BROWN, Chief Judge.
11 Defendant, Kendranze Lewis, was charged by bill of information with possession of marijuana-third offense, but pled guilty to the amended charge of possession of marijuana-second offense. On January 11, 2012, officers went to defendant’s residence to arrest him on a probation and parole warrant. A search of the residence incident to arrest revealed a marijuana cigarette. Defendant was on good time release and under the supervision of the Division of Probation and Parole at the time of the instant offense. The offense for which defendant was on probation/parole was a 2006 conviction of possession of Schedule II (crack cocaine) with the intent to distribute. Defendant was sentenced to four years’ hard labor and was recommended for the intensive incarceration substance abuse program. Following the denial of his motion to reconsider sentence, defendant has appealed urging that his sentence is excessive.

Discussion

Review of a sentence for constitutional excessiveness turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992). A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of.that discretion, the reviewing court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.05/12/04), 873 So.2d 939.
| gPossession of marijuana-second offense is punishable by a fine of not less than $250, nor more than $2,000, and imprisonment with or without hard labor for not more than five years, or both. La. R.S. 40:966(E)(2)(a).
*723 In the instant case, the trial court expressly stated that it considered the factors of La. C. Cr. P. art. 894.1. Specifically, the court noted that defendant was being arrested for violating the terms of his good time release from a conviction for possession of crack cocaine at the time of the instant offense. At the time of sentencing, defendant was still in the violation process for revocation of his parole on that conviction. The trial court recited defendant’s lengthy prior criminal history, including underage DWI, misdemeanor possession of marijuana, simple possession, misdemeanor flight from an officer, simple battery, two previous probation revocations, and one previous parole revocation. The trial court further noted that defendant has two children by different mothers and is in arrears in child support totaling approximately $15,000.
The trial court also considered defendant’s age of 26 years, his personal history, and that he had obtained his GED while at an alternative school in Minden. He recognized defendant’s work history and that defendant admitted to a substance abuse problem, but noted that defendant has done nothing to help himself while incarcerated. The trial court expressly found no mitigating factors.
We do not find the sentence imposed to be constitutionally excessive. Defendant received a substantial benefit from the plea bargain in this case, | .¡reducing his sentencing exposure from twenty years to five.[1] A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Ross, 35,552 (La.App.2d Cir.02/27/02), 811 So.2d 176. In addition, defendant has exhibited a pattern of probation and parole violations. Given the circumstances of the case, as provided above, the imposed sentence does not shock the sense of justice.

Conclusion

Defendant’s conviction and sentence are affirmed.

. His sentencing exposure on a third offense would have been up to 20 years’ hard labor and a $5,000 fine.