MARC E. JOHNSON, Judge.
12This is Defendant, Tracy Common’s, second appeal. In his first appeal, Defendant challenged his underlying conviction for possession of MDMA and his multiple offender adjudication. We affirmed his conviction for possession of MDMA, but vacated his multiple offender adjudication and enhanced sentence. We also vacated Defendant’s original sentence and remanded the matter for resentencing. State v. Common, 10-996 (La.App. 5 Cir. 11/15/11); 78 So.3d 237, writ denied, 11-2779 (La.9/28/12); 98 So.3d 825.
On remand, Defendant was resentenced to seven years imprisonment at hard labor. Additionally, on December 15, 2011, the State filed a new multiple offender bill of information alleging Defendant to be a third felony offender. The State dismissed the multiple bill on February 15, 2013, but filed a new one on the same date alleging Defendant to be a second felony offender. Defendant stipulated to the allegations in the multiple bill and was adjudicated a second felony offender. 13The trial court vacated Defendant’s original seven-year sentence and imposed an enhanced sentence of ten years imprisonment at hard labor.
In this second appeal, Defendant challenges his multiple offender adjudication. He first argues that the State improperly used a prior conviction for an offense that is now a misdemeanor as the predicate offense for the multiple bill.
The multiple bill was based on Defendant’s prior conviction for theft between $100.00 and $500.00, a violation of La. R.S. 14:67, in case number 96-1247 in the 24th Judicial District Court. At the time Defendant committed the theft in October 1995, La. R.S. 14:67(B)(2) provided that if a misappropriation or taking amounted to a value of $100.00 or more, but less than a value of $500.00, the offender was to be imprisoned, with or without hard labor, for not more than two years and/or fined not more than $2,000.00.[1] Thus, it was a felony.[2]
In 1999, the Louisiana Legislature amended La. R.S. 14:67(B) and made theft of anything valued under $300 a misdemeanor. In 2010, the legislature again amended La. R.S. 14:67(B) and made theft of anything valued under $500 a misdemeanor, unless the offender had two previous theft convictions in which case the offense was a felony. Thus, at the time Defendant was multiple billed, his predicate conviction had been reclassified as a misdemeanor.
The Louisiana Supreme Court has consistently held that “for multiple offender purposes, an offense which is subsequently reduced to a misdemeanor retains its felony status as of the time of commission[,]” and has rejected the argument that a felony which has been reduced to a misde *1284 meanor cannot serve to enhance a sentence. State v. Blackwell, 377 So.2d 110, 112 (La.1979);[3] See also, State v. Jones, 11-649 (La.App. 4 Cir. 10/19/11); 76 So.3d 608, 615, writ denied, 11-2545 (La.3/30/12); 85 So.3d 116. Thus, we find no merit to Defendant’s argument.
Defendant next contends that he was not properly advised of his rights under La. R.S. 15:529.1. While he admits that he was advised of some of his rights, he specifically claims that he was not advised that he had 15 days to file objections to the multiple bill and was not given the opportunity to avail himself of the 15 days. The State responds that Defendant did not need to be advised of the 15 days under La. R.S. 15:529.1(D)(l)(a) because he admitted to the allegations in the multiple bill. We agree.
Louisiana Revised Statute 15:529.1(D)(l)(a) provides in part:
Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and he shall be given fifteen days to file particular objections to the information, as provided in Subparagraph (b) of this Paragraph.
(Emphasis added.)
On the same date that the multiple bill was filed, Defendant admitted the allegations of the multiple bill, which alleged that he was a second felony offender. Defendant never denied the allegations, refused to answer, or remained silent in regards to the multiple bill. As such, the 15-day time period to file objections to the multiple bill was inapplicable, and the trial court was not required to advise Defendant of the 15 days.
 Under La. R.S. 15:529.1, a defendant must be advised of the specific allegations contained in the multiple bill and the right to a formal hearing. Implicit in this requirement is that the defendant be advised of his constitutional right to remain silent. State v. Walker, 01-348 (La.App. 5 Cir. 8/28/01); 795 So.2d 459, 462-63, writ denied, 01-2788 (La.10/4/02); 826 So.2d 1115. Because the record shows that Defendant was advised of the allegations contained in the multiple bill, his right to a hearing and his right to remain silent, we find Defendant was properly advised of his rights under La. R.S. 15:529.1.
In Defendant’s first appeal, we conducted an error patent review of the record in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). Accordingly, in this second appeal, we have limited our error patent review to those proceedings on remand. State v. Lobo, 12-271 (La.App. 5 Cir. 12/18/12); 106 So.3d 1187, 1194, writ denied, 13-151 (La.6/21/13); 118 So.3d 409.
We note that while the transcript reflects that the trial court vacated Defendant’s original sentence prior to imposing *1285 the enhanced sentence as required by La. R.S. 15:529.1(D)(3), the multiple bill commitment does not so reflect.[4] Accordingly, we remand the matter for correction of the multiple bill commitment to accurately reflect that Defendant’s original sentence was vacated. After correction, the Clerk of Court is ordered to transmit the original of the multiple bill commitment to the officer in charge of the institution to which Defendant has been sentenced and the Department of 1 Correction’s Legal Department. See La.C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-244 (La.9/15/06); 937 So.2d 846 (per curiam).

DECREE

For the foregoing reasons, Defendant’s multiple offender adjudication and enhanced sentence are affirmed. This case is remanded for correction of the multiple bill commitment.

MULTIPLE OFFENDER ADJUDICATION AND ENHANCED SENTENCE AFFIRMED; COMMITMENT REMANDED FOR CORRECTION

. The law in effect at the time of the commission of the offense is determinative of the applicable penalty. State v. Sugasti, 01-3407 (La.6/21/02); 820 So.2d 518, 520.

. A felony is any crime for which an offender may be sentenced to death or imprisonment at hard labor. Any crime other than a felony is a misdemeanor. La. R.S. 14:2(A)(4).

. See also La. R.S. 24:171, which provides, “[t]he repeal of any law shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal, incurred under such law unless the repealing act expressly so provides, and such law shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.”

. Generally, the transcript prevails where there is an inconsistency between the minute entry and the transcript. State v. Lynch, 441 So.2d 732, 734 (La.1983).