STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 KA 0981

STATE OF LOUISIANA

VERSUS

ANTHONY JOSEPH CHANEY

Judgment Rendered: **JUN 0 4 2021**

********

Appealed from the 22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 0239 F 2019

The Honorable Raymond S. Childress, Judge Presiding

********

Warren L. Montgomery
Matthew Caplan
District Attorney
J. Bryant Clark, Jr.
Assistant District Attorney
Covington, LA

Counsel for Appellee
State of Louisiana

Sherry Watters
New Orleans, LA

Counsel for Defendant/Appellant
Anthony Joseph Chaney

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

McClendon, J. Concurs.

Guidry, J., Concurs.

**LANIER, J.**

The defendant, Anthony Joseph Chaney, was charged by bill of information with two counts of distribution of heroin, violations of La. R.S. 40:966(A). He pled not guilty and, following a jury trial, was found guilty as charged on both counts. On each count, the defendant was sentenced to twenty years imprisonment at hard labor. The State filed a habitual offender bill of information. Following a hearing on the matter, the defendant was adjudicated a fourth-felony habitual offender. His twenty-year sentences were vacated, and the defendant was resentenced, on each count, to forty-five years imprisonment. The sentences were ordered to run concurrently. The defendant moved for reconsideration of his sentences, which was denied. The defendant now appeals, designating two assignments of error. We affirm the convictions and habitual offender adjudication. We amend the sentences to provide that they be served at hard labor and affirm as amended.

## FACTS

Based on information that the defendant was selling heroin in the Slidell area, Louisiana State Trooper Dennis Indest, in an undercover capacity, arranged to purchase heroin from the defendant. On August 15, 2017 and on August 17, 2017, Trooper Indest met with the defendant in Slidell. On each of these dates, the defendant got into Trooper Indest's vehicle, which was equipped with audio and video recording equipment, and sold the trooper heroin. During the first transaction, the defendant sold Trooper Indest .42 grams of heroin. During the second transaction, the defendant sold Trooper Indest .299 grams of heroin.

The defendant did not testify at trial.

## ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, the defendant argues the State failed to prove he was a fourth-felony habitual offender. Specifically, the defendant contends that one of his predicate convictions was a misdemeanor, rather than a felony. As such, according to the defendant, the five-year "cleansing period" means he was not proven to be a felony habitual offender.

At the habitual offender hearing, the State proved the defendant had been convicted of and sentenced for the following predicate offenses -- possession of marijuana, second offense, committed in 2013; attempted disarming of a peace officer, committed in 2011; and simple burglary, committed in 2009. Accordingly, the trial court adjudicated the defendant a fourth-felony habitual offender.

The Habitual Offender Law requires that predicate offenses be felonies. See La. R.S. 15:529.1(A). When the defendant was convicted of possession of marijuana, second offense, in 2013, the offense was a felony. See La. R.S. 40:966(E)(2)(a)[1] (prior to amendment by 2015 La. Acts, No. 295, § 1). At present, and at the time of the sentencing of the defendant, the offense of possession of marijuana, second offense, is a misdemeanor, rather than a felony. See La. R.S. 40:966(C)(2)(d).[2] The defendant argues in brief that, because of the recent amendment to possession of marijuana, second offense, this predicate conviction is not a felony and, as such, he was not proven to be a fourth-felony habitual offender. According to the defendant, his 2013 possession of marijuana, second offense, conviction cannot be considered for enhanced sentencing as a habitual

---

[1] In 2013 and prior to the 2015 amendment, possession of marijuana, second offense was punishable by a fine of not less than $250, nor more than $2,000, and imprisonment with or without hard labor for not more than five years, or both. See **State v. Lewis**, 48,023 (La. App. 2 Cir. 5/15/13), 115 So.3d 721, 722.

[2] This provision provides: "On a second conviction the offender shall be fined not more than one thousand dollars, imprisoned in the parish jail for not more than six months, or both." A felony is any crime for which an offender may be sentenced to death or imprisonment at hard labor. See La. R.S. 14:2(4).

3

offender because in 2017, when the instant crimes were committed, possession of marijuana, second offense, was a misdemeanor.

We note initially that the defendant failed to preserve this issue for appellate review. The defendant did not file a motion to quash the habitual offender bill of information prior to his habitual offender hearing. Further, defense counsel did not lodge any objection to the trial court's finding that possession of marijuana, second offense, was a felony at the time it was committed and, as such, could be used in the defendant's adjudication as a habitual offender. Any challenge to a previous conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence. La. R.S. 15:529.1(D)(1)(b). See **State v. Hall**, 94-3147 (La. 6/2/95), 654 So.2d 1085 (per curiam) (observing that defendant remained bound by his failure to raise his present complaint at the time he was adjudicated a multiple offender); **State v. Dahlem**, 2013-0577 (La. App. 1st Cir. 6/18/14), 148 So.3d 591, 599, aff'd, 2014-1555 (La. 3/15/16), 197 So.3d 676. Accordingly, the defendant did not properly preserve for appellate review the argument raised herein regarding the habitual offender adjudication. See La. Code Crim. P. art. 841(A); **State v. Cockerham**, 2017-0535 (La. App. 1st Cir. 9/21/17), 231 So.3d 698, 707-08, writ denied, 2017-1802 (La. 6/15/18), 245 So.3d 1035.

The failure of the defendant to preserve this issue notwithstanding, we do not find that the trial court erred in adjudicating the defendant a fourth-felony offender. The defendant was convicted of possession of marijuana, second offense, in 2013. (State's Exhibit 3, bill of information). The amendment of the offense of possession of marijuana, second offense, from a felony to a misdemeanor, became effective June 29, 2015. See 2015 La. Acts, No. 295, § 1. The defendant committed the instant offenses of distribution of heroin on August 15 and August 17 of 2017. He was convicted and sentenced in 2019. He was resentenced as a fourth-felony habitual offender in 2020.

4

According to the defendant, the 2017 amendments to La. R.S. 40:966 (wherein some drug offenses were made more ameliorative) were meant to reflect that possession of marijuana, second offense, was worthy of only a misdemeanor classification and punishment, rather than the type of crime that could be used to enhance a habitual offender sentence. The defendant points out that possession of marijuana, second offense, was not a felony when he committed the instant offenses (distribution of heroin). He concludes, therefore, that since his possession of marijuana conviction, second offense, was a misdemeanor at the time of the instant offenses in 2017, this "misdemeanor" prior conviction cannot be used to enhance his sentence as a habitual offender. We do not agree.

A defendant must be sentenced according to the sentencing provisions in effect at the time of the commission of the offense. See **State v. Sugasti**, 2001-3407 (La. 6/21/02), 820 So.2d 518, 520; **State v. Paciera**, 290 So.2d 681, 687 (La. 1974); **State v. Dreaux**, 205 La. 387, 396, 17 So.2d 559, 562 (1944). The general rule applies even when the changes in sentence are ameliorative in nature. Although the trial judge should consider the ameliorative changes in the law in imposing sentence, the trial judge should not derogate from the penalty provision in effect at the time of the commission of the offense. **Sugasti**, 820 So.2d at 521.

In support of his position, the defendant cites in brief to **State v. Ross**, 2015-1113 (La. App. 4th Cir. 12/21/16), 207 So.3d 511, 520-22, writs denied, 2017-0118, 0394, 0537 (La. 9/22/17), 277 So.3d 823, 826, 827, wherein all of the defendant's felonies, instant and prior, were non-violent crimes of simple possession. Despite being sentenced to twenty-year minimum concurrent sentences as a fourth-felony habitual offender, the fourth circuit found the trial court erred in failing to apply **State v. Dorthey**, 623 So.2d 1276 (La. 1998) to deviate below the mandatory minimum sentence. In supplying several reasons

5

why the defendant was exceptional, a majority of the fourth circuit panel in **Ross,** 207 So.3d at 522, subscribed to the following dicta:

> Although we are cognizant that the law at the time of the offense generally applies at sentencing, courts should also consider the expression of legislative will at the time the new law was passed. Here, although the 2015 amendments were made neither explicitly retroactive nor prospective, it is clear that the legislature currently believes that a conviction for possession of marijuana, second offense, does not rise to the level of a felony. Implicitly, the legislature also believes such a conviction should not be used to enhance a sentence under the Habitual Offender Law. [Citations and footnote omitted.]

Dissenting in part in the **Ross** decision, 207 So.3d at 525 n.4, Judge Lobrano pointed out in a footnote:

> In 2015, the Louisiana legislature enacted significant amendments to the Uniform Controlled Dangerous Substances Law with respect to sentences for possession of marijuana. See 2015 La. Acts 295 (eff. June 29, 2015). Pertinent to Mr. Ross' case is the amendment which reduced possession of marijuana, second offense, from a felony, punishable by up to five years imprisonment, to a misdemeanor, punishable by a maximum six months imprisonment in parish jail. See La. R.S. 40:966 E(1)(b). But because the offense for possession of marijuana, second offense, occurred before this amendment became effective, it is still considered a felony. See **State v. Sugasti**, 01-3407, p. 4 (La. 6/21/02), 820 So.2d 518, 520 ("This court has consistently held that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer.").

We disagree with the assertion of the **Ross** panel majority that "[i]mplicitly, the legislature also believes such a conviction [of possession of marijuana, second offense] should not be used to enhance a sentence under the Habitual Offender Law." **Id.** at 522. We find nothing, implicitly or explicitly, in the amendments to possession of marijuana, second offense, which suggests that an offense that was a felony at the time of the commission, but is later amended to a misdemeanor, can no longer be used as a predicate felony sentence enhancement under the Habitual Offender Law.

In **State v. Blackwell**, 377 So.2d 110, 112-13 (La. 1979), the defendant argued the trial court erred in adjudging him a third felony offender because, while

possession of marijuana constituted a felony when he committed that offense in 1970, the offense was reclassified as a misdemeanor in 1972. The supreme court found, as it had consistently held, that for multiple offender purposes, an offense which is subsequently reduced to a misdemeanor retains its felony status as of the time of commission. The **Blackwell** Court concluded that if "the legislature had intended to give a retroactive effect to any aspect of the reclassification of possession of marijuana, it would have done so in enacting the new statute." **Id**. at 113. See **State v. Robair**, 2013-0337 (La. App. 4th Cir. 1/15/14), 133 So.3d 96, 101, writ denied, 2014-0322 (La. 9/12/14), 147 So.3d 705; see also **State v. Sawyer**, 350 So.2d 611, 615 (La. 1977) (wherein the court held "[t]he status of the offenses are determined as of the time of the conviction."); **State v. Common**, 2013-488 (La. App. 5th Cir. 2/26/14), 132 So.3d 1282, 1283-84, writ denied, 2014-1366 (La. 3/27/15), 162 So.3d 381 (observing that the Louisiana Supreme Court "has rejected the argument that a felony which has been reduced to a misdemeanor cannot serve to enhance a sentence" to reject a similar argument.).

In the amendment to the marijuana simple possession statute, there is no language regarding retroactive application, and there is no language to authorize the statute's ameliorative effects to those already convicted. See **State v. Parker**, 2003-0924 (La. 4/14/04), 871 So.2d 317, 326. There is, particularly, nothing found in the language of this amendment to suggest that because an offense has been subsequently reduced to a misdemeanor, a defendant is thus permitted to collaterally attack in a habitual offender proceeding that prior felony offense for which he has already been convicted and sentenced.

The defendant further argues in brief that because his possession of marijuana, second offense, conviction from 2013 could not be used as a felony predicate, applying the five-year cleansing period of La. R.S. 15:529(C)(1), his two other felony convictions in 2009 and 2011 could not be used in his habitual

7

offender adjudication since more than five years had passed between the 2011 conviction and the instant offenses in 2017. This assertion is baseless. Since we have concluded that the 2013 felony conviction could be used in the trial court's determination of the defendant's habitual offender status, all of the defendant's prior felony convictions link up to the instant offenses, with less than five years between each conviction. Moreover, the ten-year cleansing period applies to the defendant's prior conviction in 2011 of attempted disarming of a peace officer because it is a crime of violence. See La. R.S. 15:529.1(C)(2) & La. R.S. 14:2(B)(36).

Based on the foregoing, this assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 2

In his second assignment of error, the defendant argues that his sentences are excessive.

The Eighth Amendment to the United States Constitution and Article I, § 20, of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. Although a sentence falls within statutory limits, it may be excessive. **State v. Sepulvado,** 367 So.2d 762, 767 (La. 1979). A sentence is considered constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. **State v. Livous,** 2018-0016 (La. App. 1st Cir. 9/24/18), 259 So.3d 1036, 1044, writ denied, 2018-1788 (La. 4/15/19), 267 So.3d 1130.

The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. **State v. Scott,** 2017-0209 (La. App. 1st Cir. 9/15/17), 228 So.3d 207, 211, writ denied, 2017-1743 (La. 8/31/18), 251 So.3d

8

410. Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing sentence. While the entire checklist of La. Code of Crim. P. art. 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. **State v. Brown**, 2002-2231 (La. App. 1st Cir. 5/9/03), 849 So.2d 566, 569.

The articulation of the factual basis for a sentence is the goal of La. Code Crim. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. Code Crim. P. art. 894.1. **State v. Lanclos**, 419 So.2d 475, 478 (La. 1982). The trial judge should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. **State v. Jones**, 398 So.2d 1049, 1051-52 (La. 1981), **State v. Spikes**, 2017-0087 (La. App. 1st Cir. 9/15/17), 228 So.3d 201, 204-05. On appellate review of a sentence, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. **State v. Thomas**, 98-1144 (La. 10/9/98), 719 So.2d 49, 50 (per curiam).

The sentencing range for distribution of heroin is five to forty years at hard labor. See La. R.S. 40:966(B)(3). As a fourth-felony habitual offender, the defendant's sentencing range was "not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life[.]" See La. R.S. 15:529.1(A)(4)(a).[3] Accordingly, the defendant's sentencing

---

[3] For sentencing purposes, the 2017 version of the Habitual Offender Law is applicable because the defendant committed the underlying offenses in August of 2017, prior to the November 1, 2017 amendments. See La. R.S. 15:529.1(K)(1); **State v. Lyles**, 2019-00203 (La. 10/22/19), 286 So.3d 407, 410 (per curiam).

9

exposure was forty years to life imprisonment. The trial court sentenced the defendant to concurrent forty-five-year sentences on each count.

The defendant argues in brief that even a minimum sentence of forty years would have been excessive.[4] See La. R.S. 15:529.1(I). According to the defendant, he was such a "low level dealer," the police made no effort to arrest him in August of 2017. Further, he had a job, and his criminal record consisted of non-violent offenses, except for one attempted crime of violence.

In **Dorthey**, 623 So.2d at 1280-81, the Louisiana Supreme Court opined that if a trial judge were to find that the punishment mandated by La. R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounted to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive. In **State v. Johnson**, 97-1906 (La. 3/4/98), 709 So.2d 672, 676-77, the Louisiana Supreme Court reexamined the issue of when **Dorthey** permits a downward departure from the mandatory minimum sentences in the Habitual Offender Law. A sentencing court must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. A court may only depart from the minimum sentence if it finds clear and convincing evidence in the particular case before it that rebuts this presumption of constitutionality. A trial court may not rely solely upon the non-violent nature of the instant or prior offenses as evidence that justifies rebutting the presumption of constitutionality. While the classification of a defendant's instant or prior offenses as non-violent should not be discounted, this factor has already

_____

[4] The defendant incorrectly asserts throughout his argument that he was *originally* sentenced to the maximum sentence of 40 years on each count prior to the sentences being vacated and being resentenced as a habitual offender. As previously stated in the opinion, the record shows the defendant was originally sentenced to 20 years on each count.

been taken into account under the Habitual Offender Law for third and fourth offenders. **Johnson**, 709 So.2d at 676.

To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional, which means that, because of unusual circumstances, this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Given the legislature's constitutional authority to enact statutes such as the Habitual Offender Law, it is not the sentencing court's role to question the legislature's wisdom in requiring enhanced punishments for multiple offenders. Instead, the sentencing court is only allowed to determine whether the particular defendant before it has proven that the mandatory minimum sentence is so excessive in his case that it violates the constitution. Departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations. **Johnson**, 709 So.2d at 676-77.

> In imposing forty-five-year concurrent sentences, the trial court noted:
>
> > There are certain reasons, that I would add, that I took into consideration regarding the sentence that was handed down here today.
> > The Defendant has an extensive criminal history, having been arrested, prosecuted and convicted on at least three prior occasions. And he has indicated no remorse, or accepted any responsibility, whatsoever for the case that I have before me here today.

We find nothing unusual or unique about the defendant's circumstances that would justify a downward departure from the mandatory minimum forty-year sentence. The record before us clearly establishes an adequate factual basis for the sentences imposed. The defendant has not proven by clear and convincing evidence that he is exceptional such that a forty-five-year sentence (in the aggregate) was meaningfully tailored to the culpability of the offender, the gravity

11

of the offenses, and the circumstances of the case. See **State v. Noble**, 2012-1923 (La. 4/19/13), 114 So.3d 500, 501 (per curiam) (observing that "[d]efendant faces the enhanced sentencing ranges provided by Louisiana's Habitual Offender Law to punish him not only for his most recent violation of this state's controlled substances law, but also for his repeated felonious behavior over time, placing him in an unfortunately large class of offenders."); **State v. Garrott**, 2015-0116 (La. App. 1st Cir. 11/9/15), 2015 WL 6951461, at *4 (unpublished), writ denied, 2015-2288 (La. 3/4/16), 188 So.3d 1057 and writ denied, 2015-2346 (La. 1/9/17), 214 So.3d 873 ("Considering the trial court's reasons for sentencing, and the defendant's repeated criminality, we find no abuse of discretion by the trial court. There is nothing particularly unusual about the defendant's circumstances that would justify a downward departure from the mandatory minimum sentence.").

Accordingly, no downward departure from the presumptively constitutional mandatory minimum sentence is warranted. Moreover, given that the trial court appears to have taken the ameliorative changes into consideration since the defendant was sentenced at the very low end of a sentencing range that included a life sentence, we find the sentences imposed are not grossly disproportionate to the severity of the offenses and, therefore, are not unconstitutionally excessive. See **State v. Thompson**, 50,392 (La. App. 2nd Cir. 2/24/16), 189 So.3d 1139, 1146, writ denied, 2016-0535 (La. 3/31/17), 217 So.3d 358.

This assignment of error is without merit.

## REVIEW FOR ERROR

Pursuant to La. Code Crim. P. art. 920, this court routinely conducts a review for error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. After a careful review of the record, we have found a sentencing error.

Regarding the habitual offender resentencing, the minutes indicate that the sentences are at hard labor, but in the sentencing transcript, the trial court failed to provide that the defendant's sentences be served at hard labor. Generally, when there is a discrepancy between the minutes and the transcript, the transcript must prevail. **State v. Lynch**, 441 So.2d 732, 734 (La. 1983). Any sentence imposed under the habitual offender statute shall be at hard labor. See La. R.S. 15:529.1(G). Further, La. Code Crim. P. art. 882(A) authorizes correction by the appellate court. We find that correction of these illegally lenient sentences does not involve the exercise of sentencing discretion and, as such, there is no reason why this court should not simply amend the sentences. Accordingly, since a sentence at hard labor was the only sentence that could be imposed, we correct the defendant's sentences following the habitual offender adjudication to reflect that they be served at hard labor. We remand to the trial court for correction of the commitment order, if necessary, and for transmission of the amended record to the Department of Corrections.

As amended, the sentences are affirmed.

**CONVICTIONS AND HABITUAL OFFENDER ADJUDICATION AFFIRMED; SENTENCES AMENDED TO PROVIDE THAT THEY BE SERVED AT HARD LABOR AND AFFIRMED AS AMENDED; REMANDED FOR CORRECTION OF THE COMMITMENT ORDER, IF NECESSARY, AND FOR TRANSMISSION OF THE AMENDED RECORD TO THE DEPARTMENT OF CORRECTIONS.**